1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11  CARLA ROUNDS,                     Case No.  1:20-cv-00170-AWI-SAB

12       Plaintiff,                   ORDER REQUIRING PLAINTIFF TO
                                      SHOW CAUSE WHY SANCTIONS
13       v.                           SHOULD NOT ISSUE FOR FAILURE TO
                                      APPEAR FOR MANDATORY
14  BOARD OF TRUSTEES OF THE          SCHEDULING CONFERENCE
    CALIFORNIA STATE UNIVERSITY,
15                                    SEVEN DAY DEADLINE
         Defendant.
16

17

18         Carla Rounds ("Plaintiff") filed this action against the Board of Trustees of the California

19  State University in the Superior Court for the State of California in the County of Stanislaus on

20  December 16, 2019.  (ECF No. 1.)  On January 31, 2020, Defendant removed the action to the

21  Eastern District of California.   (Id.)   On this same date, the order setting the mandatory

22  scheduling conference issued in this action.  (ECF No. 2.)

23         Pursuant to the order setting the mandatory scheduling conference, a joint scheduling

24  report was to be filed seven days prior and all parties were to attend the scheduling conference

25  on April 17, 2020.  (Id. at 2.)  The order also informed the parties that "**[s]hould counsel or a**

26  **party appearing pro se fail to appear at the Mandatory Scheduling Conference, or fail to**

27  **comply with the directions as set forth above, an ex parte hearing may be held and**

28  **contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate**

1

**judgment, may be imposed and/or ordered.**" (Id. at 7 (emphasis in original).)

The parties filed their joint scheduling report on April 10, 2020. (ECF No. 7.) The mandatory scheduling conference was held on April 17, 2020. Counsel Jennifer Perkell and Brandon Fields appeared telephonically for Defendant. Plaintiff did not appear for the conference. Finding that Plaintiff waived her appearance by the failure to appear, as provided in the scheduling order, an ex parte conference was conducted and a scheduling order shall issue. Plaintiff shall be required to show cause why sanctions should not issue for Plaintiff's failure to appear at the mandatory scheduling conference.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

Accordingly, the Court HEREBY ORDERS PLAINTIFF TO SHOW CAUSE in writing within **seven (7) days** of the date of entry of this order why sanctions should not issue for her failure to comply with the January 31, 2020 order requiring her appearance at the mandatory scheduling conference. **Plaintiff is forewarned that the failure to show cause may result in the imposition of sanctions, including the dismissal of this action for failure to prosecute.**

IT IS SO ORDERED.

Dated:   **April 17, 2020**

UNITED STATES MAGISTRATE JUDGE