# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA ROUNDS, | Case No. 1:20-cv-00170-AWI-SAB |
| Plaintiff, | ORDER ENTERING STIPULATED PROTECTIVE ORDER |
| v. | (ECF No. 13) |
| BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, et al., | |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER

To protect the confidentiality of private and sensitive information obtained by the parties in connection with this case, plaintiff Carla Rounds ("Plaintiff") and defendant Board of Trustees of the California State University, which is the State of California acting in its higher education capacity (erroneously sued as State of California) ("CSU" or "Defendant") (collectively, "the parties") hereby agree as follows:

1. Any party or non-party may designate as "Confidential" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving employment information, medical information, private or privileged communications between family members, or

1    confidential financial information subject to protection under applicable law. Where a document
2    or response consists of more than one page, the first page and each page on which confidential
3    information appears shall be so designated.

4         2.    A party or non-party may designate information disclosed during a deposition or in
5    response to written discovery as "Confidential" by so indicating in said responses or on the record
6    at the deposition and requesting the preparation of a separate transcript of such material.
7    Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt
8    of said responses or of the deposition transcript for which the designation is proposed, that specific
9    pages of the transcript and/or specific responses be treated as "Confidential" information. Any
10   other party may object to such proposal, in writing or on the record. Upon such objection, the
11   parties shall follow the procedures described herein. After any designation made according to the
12   procedure set forth in this paragraph, the designated documents or information shall be treated
13   according to the designation until the matter is resolved according to the procedures described
14   herein, and counsel for all parties shall be responsible for marking all previously unmarked copies
15   of the designated material in their possession or control with the specified designation.

16        3.    All information produced or exchanged in the course of this case (other than
17   information that is publicly available) shall be used by the party or parties to whom the information
18   is produced solely for the purpose of this case.

19        4.    Except with the prior written consent of the other parties, or upon prior order of this
20   Court obtained upon notice to opposing counsel, documents and/or information designated as
21   "Confidential" ("Confidential Information") shall not be disclosed to any person other than:   (a)
22   counsel for the respective parties to this litigation, including in-house counsel and co-counsel
23   retained for this litigation; (b) employees of such counsel; (c) individual parties, class
24   representatives, any officer or employee of a party, to the extent deemed necessary by counsel for
25   the prosecution or defense of this litigation; (d) consultants or expert witnesses retained for the
26   prosecution or defense of this litigation, provided that each such person shall execute a copy of the
27   Certification attached as Attachment A to this Order (which shall be retained by counsel to the party
28   so disclosing the Confidential Information and made available for inspection by opposing counsel

during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information; (e) any authors or recipients of the Confidential Information; (f) the Court, court personnel, and court reporters; and (g) witnesses.  A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used.  At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above.  Witnesses shown Confidential Information shall not be allowed to retain copies.

5. Any persons receiving Confidential Information shall not reveal or discuss such information with any person who is not entitled to receive such information, except as set forth herein.

6. No party may file a document or brief containing Confidential Information with the Court without first seeking authorization of the Court to file the document under seal pursuant to United States District Court, Eastern District Local Rule 141.  No document shall be filed under seal except pursuant to a court order that authorizes the sealing of the particular document or portion thereof and is narrowly tailored to seal only that material for which good cause to seal has been established.  Only those documents, pages or, if practicable, those portions of documents or pages, which contain the information requiring confidentiality shall be sealed.

7. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

8. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material.

The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs: (a) the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; (b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or (c) the Court rules the material is not Confidential Information.

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either: (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information; or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed, <u>or c) certify that the attorney is keeping the confidential documents for his/her file.</u>

11. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. This Stipulation shall have no application to trial, or the presentation of evidence at trial in this matter. Should either party deem a protective order necessary at the time of trial, they may enter into an agreement or move the Court for an appropriate order.

12. This Stipulation is made without prejudice to the right of any party to seek an Order from the Court modifying or limiting any designation of information or documents as confidential, or otherwise modifying this Stipulation and Protective Order in any way with respect to any specified materials after forty-eight (48) hours written notice to the opposing party.

13. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

14. Each category of information proposed to be covered by this Order implicates the private personal information of the parties, CSU, its employees, or certain third-parties or witnesses.

15. The following categories of information may be designated as confidential and qualify for protections under this stipulation:

   i. Information contained in "personnel records," including by not limited to information from an employee's official personnel file, supervisory file, medical or leave file, employment application and hiring documents, complaints of any type of alleged misconduct or violation of policy or law, investigations into any type of misconduct or violations of policy or law, corrective actions, disciplinary actions, and adverse actions.

   ii. Medical and mental health records and information;

   iii. Financial information, including but not limited to account numbers, credit card numbers, personal finances, real estate, investments, securities, insurance, and loan, credit, or debt information; and

   iv. Official information as defined in *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1990).

16. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

**ATTACHMENT A**

**CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, 2021, in *Carla Rounds v. The Board of Trustees of the California State University, et al.* United States District Court, Eastern District Court Case No. 1:20-cv-00170-AWI-SAB.  I have been given a

1  copy of that Order and read it.  I agree to be bound by the Order.  I will not reveal the Confidential
2  Information to anyone, except as allowed by the Order.  I will maintain all such Confidential
3  Information – including copies, notes, or other transcriptions made therefrom – in a secure manner
4  to prevent unauthorized access to it.  No later than thirty (30) days after the conclusion of this
5  action, I will return the Confidential Information – including copies, notes, or other transcriptions
6  made therefrom – to the counsel who provided me with the Confidential Information.  I hereby
7  consent to the jurisdiction of the United States District Court, Eastern District Court for the purpose
8  of enforcing the Protective Order.

10  Dated: _____, 2021    _____
                                                                         NAME:

12  ///
13  ///
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

**COURT ORDER ENTERING STIPULATED PROTECTIVE ORDER**

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1. The above stipulated protective order is ENTERED;

2. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141;

3. The party making a request to file documents under seal shall be required to show either good cause or compelling reasons to seal the documents, depending on the type of filing, Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677–78 (9th Cir. 2009); Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016); and

4. If a party's request to file Protected Material under seal is denied by the Court, then the previously filed material shall be immediately accepted by the court and become information in the public record and the information will be deemed filed as of the date that the request to file the Protected Information under seal was made.

IT IS SO ORDERED.

Dated:   **October 19, 2021**

UNITED STATES MAGISTRATE JUDGE

7