| | |
|---|---|
| | **UNITED STATES DISTRICT COURT** |
| | EASTERN DISTRICT OF CALIFORNIA |
| CARLA ROUNDS,<br><br>       Plaintiff,<br><br>   v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY,<br><br>       Defendant. | Case No. 1:20-cv-00170-AWI-SAB<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF DEPOSITION BY ONE DAY<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR SANCTIONS<br><br>(ECF Nos. 18, 19, 20, 21, 22, 23, 24) |

**I.**

**INTRODUCTION**

Currently before the Court is Defendant's motion to extend the deposition of Plaintiff, filed on July 1, 2022. (ECF No. 18.) For the reasons explained herein, Defendant's motion shall be granted. Plaintiff's request for sanctions shall be denied.

**II.**

**BACKGROUND**

On July 1, 2022, Defendant filed a motion to extend the deposition of Plaintiff, and set the hearing in Courtroom 2 before the District Judge assigned to this action. (ECF No. 18.) All discovery motions are to be adjudicated by the assigned magistrate judge, and thus the hearing was set incorrectly. L.R. 302(c)(1).

On July 11, 2022, fourteen (14) days before the incorrectly set hearing date, Defendant

1 filed a declaration of counsel proffering they had made a good faith attempt to secure the
2 cooperation of Plaintiff's counsel in drafting a joint statement. (ECF No. 19.) The Court found
3 that Defendant's counsel had not sufficiently demonstrated a good faith attempt to secure the
4 cooperation of Plaintiff in drafting the joint statement. Therefore, on July 12, 2022, because all
5 discovery motions are to be adjudicated by the assigned magistrate judge, L.R. 302(c)(1), and
6 because discovery motions are subject to the requirements for meeting and conferring and for the
7 parties to file a joint statement fourteen (14) days prior to the hearing, L.R. 251(b), the Court
8 reset the hearing before Magistrate Judge Stanley A. Boone for July 27, 2022, and expressly
9 ordered the parties to further meet and confer on the issues underlying the motion, and ordered
10 the parties to file a joint statement on or before July 18, 2022. (ECF No. 20.)

11 On July 18, 2022, Defendant filed a joint statement that was not fully authorized by
12 Plaintiff's counsel. (ECF No. 21.) On July 19, 2022, Plaintiff filed a supplemental statement.
13 (ECF No. 22.) On July 26, 2022, the Court found this matter suitable for decision without oral
14 argument pursuant to Local Rule 230(g), and vacated the July 27, 2022 hearing on this motion.
15 (ECF No. 23.) On July 27, 2022, Defendant filed a supplemental statement. (ECF No. 24.)

### III.

### LEGAL STANDARD

Rule 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). The December 2015 amendment to Rule 26 was to restore the proportionality factors in defining the scope of discovery. See Advisory Committee Notes to Rule 26(b)(1) 2015 Amendment. Under the amended Rule 26, relevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case. In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562,

564 (D. Ariz. 2016).

Relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Although relevance is broadly defined, it does have "ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (quoting Oppenheimer Fund, Inc., 437 U.S. at 351). While discovery should not be unnecessarily restricted, discovery is more limited to protect third parties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co., Inc. v. Westwood Chemical Co., Inc., 649 F.2d 646, 649 (9th Cir. 1980). In deciding discovery disputes, courts must be careful not to deprive the party of discovery that is reasonably necessary to their case. Dart Industries Co., Inc., 649 F.2d at 680.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc., 437 U.S. 340, 351 (1978). Discovery is designed to help define and clarify the issues. Id. Although relevancy is broadly defined for the purposes of discovery, it does have "ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citations omitted).

Depositions are governed by Federal Rule of Civil Procedure 30, which states:

> **(a) When a Deposition May Be Taken.**
> **(1)** *Without Leave*. A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.
> **(2)** *With Leave*. A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
> **(A)** if the parties have not stipulated to the deposition and:
> **(i)** the deposition would result in more than 10 depositions being taken under the rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;
> **(ii)** the deponent has already been deposed in the case; or
> **(iii)** the party seeks to take the deposition before the time specified in Rule 2(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or

**(B)** if the deponent is confined in prison.

Fed. R. Civ. P. 30(a).

"Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." Fed. R. Civ. P. 30(d)(1). "The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Id.; see Fed. R. Civ. P. 26(b)(2)(A) ("By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30."). Under Rule 26, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

## IV.

## DISCUSSION

### A.     The Parties' Submissions and General Arguments

Defendant filed the initial motion on July 1, 2022, along with a memorandum of points and authorities, rather than only a notice of motion in advance of the required joint statement under Local Rule 251. (ECF No. 18.) Defendant moves the Court for an order extending Plaintiff's deposition by one day, or seven hours. Defendant filed the motion pursuant to Federal Rules of Civil Procedure 26 and 30. (ECF No. 18 at 1.)

Defendant previously requested three days to complete Plaintiff's deposition, and the Court's scheduling order, issued on April 20, 2020, granted Defendant two days to take Plaintiff's deposition, with the option to contact the Court if additional time was needed. The scheduling order provided as follows:

> "Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours."  Fed. R. Civ. P. 30(d)(1). Defendant requests an order allowing additional time of three days

4

> for the deposition of plaintiff. "The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). The Court finds that defendant has demonstrated that additional time is needed to fairly examine plaintiff. However, the Court shall authorize a deposition of plaintiff that is limited to **two days of 7 hours**. If defendant finds that additional time is necessary to complete the deposition, defendant may contact the court and request additional time. Defendant will be required to demonstrate that additional time is necessary to fairly examine the deponent to obtain any additional time for the deposition.

(ECF No. 10 at 3.)

Defendant proffers that despite diligent efforts, Defendant was unable to complete Plaintiff's deposition in two days; that Defendant needs one additional day to complete Plaintiff's deposition to due to newly added causes of action, voluminous factual allegations and documentary evidence, and Plaintiff's obstructive conduct. (ECF No. 18 at 3.)

As for voluminous allegations and documents, Defendant proffers: after the Court issued the original scheduling order, Plaintiff proposed an amended complaint that adds two new causes of action, bringing the total causes of action to eight; that Plaintiff's interrogatory responses total 479 pages; that Plaintiff has produced over 5,000 pages of distinct documents in response to Defendant's document requests; and that Defendant has produced nearly 2,500 pages of documents to Plaintiff. (ECF No. 18 at 3-4.) It appears the first amended has not or been filed, and neither party specifically addressed whether it is indeed forthcoming.

In regard to obstructive conduct, Defendant alleges that Plaintiff was over twenty (20) minutes late to the first day of the deposition; that Plaintiff took over one hour lunch breaks each day; and took over 10 minute or more breaks nearly every hour. (ECF No. 18 at 3.) Thus, Defendant submits Plaintiff was only deposed for 10 hours over the two days. Specifically, on May 26, 2022, Plaintiff requested the deposition begin at 10:00 a.m., however, Plaintiff and her counsel, who appeared virtually together from the same location and in the same room but with different devices, had technical difficulties that caused the deposition to begin at 10:21 a.m., 21 minutes after the scheduled time. (Mot. 4.) Plaintiff took a first 17 minute break at 11:26 a.m., despite agreeing to only take a 5 minute break. (Id.) Plaintiff took a one hour and four minute

1  lunch, over Defendant's counsel's request to take a 45-minute lunch to make up for starting late.
2  (Id. at 5.) Plaintiff took a 10 minute break at 4:12 p.m. and ending at 4:22 p.m. Thus in total for
3  May 26, 2022, Defendant submits the total "break time" was 112 minutes (though this includes
4  the late-time), and the total deposition time was 287 minutes, or approximately 4.7 hours. (Id.)

5  On May 27, 2022, Defendant proffers that: Plaintiff took her first 12 minute break from
6  11:03 a.m. to 11:15 a.m., over Defendant's objection to limit to 10 minute breaks every hour;
7  Plaintiff took a one hour and one minute lunch break from 12:16 p.m. to 1:17 p.m.; took a 12
8  minute break from 2:38 p.m. to 2:50 p.m.; and Plaintiff took a 10 minute break from 3:57 p.m. to
9  4:07 p.m., over counsel's request to take a five minute break. Thus, Defendant submits that on
10 May 27, 2022, the total "break time" was 105 minutes, and total deposition time was 315
11 minutes or approximately 5.25 hours. (Id.)

12 As to the subject matter of the deposition requiring additional time, Defendant proffers
13 that toward the end of the deposition, Plaintiff identified sixteen employees that she claims
14 treated her differently because she is a woman. (Id.; Fields Decl. ¶ 6, Ex. C.) Defendant argues
15 counsel: did not have sufficient time to question Plaintiff about each of these employees in order
16 to defend itself against the first and second causes of action for discrimination and harassment
17 based on sex; and additionally did not have an opportunity to question Plaintiff about her fifth
18 cause of action for violation of the Fifth Amendment, the proposed seventh cause of action for
19 conversion, or the proposed eighth cause of action for negligence. Defendant proffers it also has
20 additional follow up questions regarding the remaining causes of action. Defendant states that
21 without explanation, Plaintiff's counsel refuses to stipulate to extend the Plaintiff's deposition by
22 one day, but wishes to depose 14 defense witnesses, including the CSUS President, who has
23 nothing to do with this action.

24 On July 18, 2022, Defendant filed joint statement before the deadline, however, as
25 indicated in the filing, after some meet and confer, the parties reached an impasse on July 18,
26 2022; Defendant's counsel requested Plaintiff's counsel to review and sign the joint statement,
27 however, Plaintiff's counsel did not respond before the filing was entered on the docket. (ECF
28 No. 21 at 1-2.) Specifically, Defendant proffers that in advance of the deadline, Defendant

emailed Plaintiff's counsel on July 12, 2022, about availability to meet and confer; that Defendant left Plaintiff's counsel a voicemail on July 13, 2022; Defendant's counsel sent Plaintiff's counsel an email on July 14, 2022, about the motion; the parties agreed to speak by telephone on July 15, 2022, at 2:00 p.m.; Plaintiff's counsel was unavailable to meet and confer on July 15, 2022, as scheduled; the parties reached an impasse during a telephone call on July 18, 2022; and Defendant's counsel asked Plaintiff to review the filed statement but Plaintiff's counsel did not respond.  The Court notes Defendant's counsel does not specifically describe the short time frame that a final approval was requested within, that Plaintiff's counsel provides in the supplemental statement, as discussed below.

In the July 18, 2022 filing, Defendant proffers that Plaintiff's position would have been as follows: Defendant had sufficient time to complete Plaintiff's deposition; Defendant spent too much time on background information; Defendant has created multiple investigation reports concerning Plaintiff obviating the need for a deposition; Plaintiff did not take excessive breaks; and Plaintiff's breaks were necessary because she had to relive the trauma of working for Defendant. (ECF No. 21 at 2.)

In the July 18, 2022 filing, Defendant counters these arguments by arguing: Defendant did not have sufficient time; depositions in these employment cases range from needing between 1-5 days because employment law cases are typically fact intensive; Defendant did not spend too much time on background information; Defendant had to examine Plaintiff about her past work history and training because she claims Defendant denied her training based on her sex, and claims she is unemployable because of lack of training; Defendant thus questioned Plaintiff about past training in the IT industry to compare it to training received; and furthermore Defendant examined Plaintiff on her past work history to understand what other type of IT work she is capable of performing to evaluate whether she is truly unemployable as she claims. Additionally, Defendant counters that the investigation reports cannot substitute for the deposition, as the subject matter of those reports do not involve Plaintiff's causes of action; and that Defendant should not be deprived of a deposition because of perceived trauma.

On July 19, 2022, Plaintiff's counsel filed a supplemental statement in response to the

1  July 18, 2022 filing, arguing Defendant gave insufficient time to participate, and alleging
2  Defendant mischaracterized Plaintiff's statements. (ECF No. 22 at 1-2.) Specifically, Plaintiff's
3  counsel proffers that on July 18, 2022, after speaking on the phone, and without any notice,
4  Defendant emailed the joint statement for review, telling Plaintiff's counsel they only had 15
5  minutes, or until 3:00 p.m., to get back to Defendant's counsel. (Id. at 1.) Plaintiff's counsel
6  states they did not see the email until after 3:00 p.m., and didn't have a chance to read it until
7  July 19, 2022.[1] Plaintiff suggests the Court should deny Defendant's motion solely on the
8  ground that Defendant failed to act in good faith under Local Rule 251; alleges that Defendant's
9  counsel flaunted the rules and intentionally misrepresented the comments made by Plaintiff's
10 counsel; only gave a mere 15 minutes to review, then filed a knowingly false statement that was
11 not a joint statement under the Local Rules; and that Defendant did not act in good faith.
12 Plaintiff states the Court should not encourage this type of behavior, and should sanction
13 Defendant. Plaintiff argues the joint statement does not meet the timeliness requirements of
14 Local Rule 251, because it was not filed fourteen days before the hearing date.[2]

15  As for the substantive arguments, Plaintiff proffers that the background testimony lasted
16 for 78 of 203 pages of transcript, many more hours than necessary, wasting precious time, and
17 Plaintiff suggests Defendant's counsel "wasted time again and again, asking inane questions,
18 such as asking the date of Ms. Rounds' marriage 30 years ago, and harassing Ms. Rounds. Mr.
19 Fields was rude, combative and controlling, again and again refusing to allow Ms. Rounds
20 reasonable breaks or lunch time. Each and every break was contested by Mr. Fields." (ECF No.
21 22 at 2.) Plaintiff argues Defendant had adequate time to question Plaintiff, and the Court should
22 not countenance Defendants' harassing behavior, stall tactics, and inefficiencies. Finally,
23 Plaintiff states it is significant that Plaintiff has requested to take depositions of 18-20 witnesses,
24 most of whom are not represented by Defendants, and Defendants have steadfastly refused to
25 allow Plaintiff to take more than 10 of these depositions. Plaintiff suggests the Court should, at a

---

[1] Counsel states they did not have a chance to read the email until July 19, 2022, despite the fact counsel should have been aware the Court expressly ordered a joint statement to be filed on or before July 18, 2022. (ECF No. 20.)

[2] Again, it does not appear Plaintiff recognizes the Court ordered the joint statement to be filed on a date certain when the Court reset the hearing. (ECF No. 20.)

1 minimum, postpone a decision on Defendant's request so that it can adjudicate Plaintiff's motion
2 to compel at the same time, which Plaintiff proffers be filed within two weeks of the Plaintiff's
3 statement, filed on July 19, 2022. (ECF No. 22 at 3.)

4 On July 27, 2022, after the Court vacated the hearing on the motion, Defendant filed an
5 additional supplemental statement to address Plaintiff's July 19, 2022 filing. (ECF No. 24.)
6 First, Defendant requests the Court only consider the July 18, 2022 statement, and disregard
7 Plaintiff's supplemental statement filed on July 19, 2022. (ECF No. 24 at 1.) Defendant states
8 the joint statement was filed on the last day for the parties to meet and confer because Plaintiff's
9 counsel missed the parties' scheduled meet and confer on July 15, 2022. (Id. at 2.) Defendant's
10 counsel maintains he drafted the statement incorporating the positions of Plaintiff's counsel and
11 fairly represented those positions; that Defendant's counsel asked Plaintiff to review the joint
12 statement before filing; that Defendant had to file before the deadline; and Plaintiff's failure to
13 meet and confer as originally scheduled diminished the time for drafting the statement, obtaining
14 approval, and edits. (Id.) Defendant proffers that Plaintiff's supplemental statement includes
15 misleading representations, such as that Defendant elicited background testimony for 78 of 203
16 pages, when the testimony begins on page 22, Plaintiff testified she had never been deposed, and
17 admonitions were given and completed on page 30. Last, Defendant argues that while Plaintiff
18 suggests Defendant wastes time again and again on inane questions, such as asking the date of
19 Plaintiff's marriage to an ex-husband, Defendant emphasizes that he only asked that specific
20 question one time.

21 **B.    The Court shall Grant Defendant's Motion and Deny Plaintiff's Request for Sanctions**
22

23 The Supreme Court has explained the necessity for, and the general bounds of the
24 deposition process:

> We agree, of course, that the deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. The

> deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise. But discovery, like all matters of procedure, has ultimate and necessary boundaries. As indicated by Rules 30(b) and (d) and 31(d), limitations inevitably arise when it can be shown that the examination is being conducted in bad faith or in such a manner as to annoy, embarrass or oppress the person subject to the inquiry. And as Rule 26(b) provides, further limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege.

Hickman v. Taylor, 329 U.S. 495, 507–08 (1947).

As discussed below, the Court declines to fully wade into much of the irrelevant arguments presented by the parties, rejects arguments to wholly disregard filings as procedurally improper, and denies Plaintiff's passing request for sanctions. The Court has sufficient information before it to make a determination under Rule 30(d)(1), which directs the Court it "must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1); see also Withers v. eHarmony, Inc., 267 F.R.D. 316, 321 (C.D. Cal. 2010) ("The party seeking a court order to extend or shorten a deposition examination, or otherwise alter the deposition limitations, is expected to show good cause to justify such an order.") (citing Advisory Committee Note to 2000 Amendment to Rule 30).

First, Defendant has sufficiently presented information demonstrating a reasonable further need to fairly examine the deponent, including the proposed first amended complaint, the various causes of action, the amount of written discovery exchanged, as well as a need to address the fact that toward the end of the deposition, Plaintiff identified sixteen employees that she claims treated her differently because she is a woman. Plaintiff did not clearly respond these substantive proffers in the supplemental statement filed on July 19, 2022. The Court finds these substantive proffers, and a lack of a sufficient refutation of them, demonstrate additional time is needed to fairly examine the deponent. Fed. R. Civ. P. 30(d)(1); Malec v. Trustees of Bos. Coll., 208 F.R.D. 23, 24 (D. Mass. 2002) ("Obviously, the Court will allow more than seven hours 'if needed for a fair examination of the plaintiff.' "). The Court also finds the allowance of additional time does is consistent with consideration of the protective components of Rule

26(b)(1)-(2), for the reasons explained throughout this opinion. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). Plaintiff has not made more than a general and vague accusation that Defendant's counsel's manner of completing the deposition has been improper, as discussed herein.

Turning to the specific items Plaintiff did proffer in the supplemental filing, the Court does not find Plaintiff's accusation regarding background information correct, nor convincing, as discussed again below. Further, Plaintiff's vague arguments regarding Defendant's counsel being rude, combative, controlling, refusing reasonable breaks, harassing, stall tactics, and inefficiencies, do not sufficiently counter Defendant's supported arguments that an additional day is needed for a fair examination of the deponent, and do not sufficiently counter Defendant's reasonable, but not overly persuasive, presentation that Plaintiff impeded or delayed the examination, also discussed again below.

The Court declines to wade into the depths of the parties' back and forth concerning some of the specific statements as to what occurred, as they appear to be in large part simply the parties' talking past each other or irrelevant to the determination of the motion, given Plaintiff has not clearly addressed the reasonable bases proffered for the need for the extension of the deposition. Neither of the parties' arguments concerning some of the specific quibbles are overly convincing for either side's position. For example, Defendant appears correct that Plaintiff incorrectly describes the amount of background testimony encompassed in the deposition transcript. On the other hand, in the last supplemental statement Defendant emphasizes he only asked about the marriage date one time, however, that response appears somewhat irrelevant as Plaintiff's argument appears to have only cited that instance as an example of *one* of the "inane" questions that Defendant was asking, not that Defendant was asking the marriage question repeatedly, as Defendant's reply suggests. Thus, overall, it appears that through the course of meeting and conferring on this motion, counsel have been arguing and speaking through and over each other, rather than working together to reasonably understand their respective positions and attempting to come to reasonable conclusions before presenting developed issues to the Court for resolution in a joint statement.

At end, because of mistakes and miscommunications, by both parties' counsel but more so due to Plaintiff's counsel, much of the briefing and arguments presented to the Court are tangential and irrelevant to the determination of whether Defendant has presented justification under the applicable rules and standards for an additional day to complete the deposition of Plaintiff. The Court refuses to exercise "playground jurisdiction" over the parties and their counsel. Counsel is advised that such antics only hurt the reputations of counsel in the eyes of the public and the Court and can result in reducing the credibility of attorneys who perform thusly when appearing before this Court. To that point, Plaintiff's averment to a request that the Court wholly deny Defendant's motion as procedurally improper, and that Defendant's counsel be sanctions for filing knowingly false statements, shall be denied.[3]

As for the parties back and forth concerning breaks and lunches, the Court finds these minor quibbles between counsel do not present determinative issues as to whether an additional deposition day is needed. Plaintiff is entitled to reasonable breaks. The Court does not find it overly impactful that Plaintiff may have been 1 or 2 minutes late after lunch or a break, however, such small infractions do add up, particularly where counsel are already in conflict about the amount of time needed to complete a full deposition of Plaintiff, and Defendant, though adding to conflict regarding breaks and timing, has a legitimate basis to take a strong approach to enforcing break and lunch time limits, so as they do not feed into each other and build into a greater problem of leaving overall insufficient time to complete the deposition. The Court is confident counsel on both sides can proceed through an additional day of deposition, with reasonable breaks and a lunch period, and that Defendant will use their time prudently and not harass or be rude (though the Court notes again these accusations are vague and unsupported).

---

[3] Defendant also requests the Court disregard Plaintiff's supplemental statement. Given it is somewhat unclear what happened between the parties during the July 18, 2022 phone conversation and before the statement was filed, the Court declines to wholly disregard the filing. However, the Court notes that based on the Court's order requiring the parties to meet and confer and file the joint statement on or before July 18, 2022, the Court could very well appropriately disregard the Plaintiff's supplemental statement filed after the deadline. Nonetheless, the Court has considered the arguments raised by the parties that are relevant to the issue of whether Defendant has demonstrated the need to extend the deposition under the standards of the Rules of Civil Procedure. While the Court declines to totally disregard Plaintiff's supplemental statement that was untimely filed on July 19, 2022, the Court notes Plaintiff's focus therein is on the incorrect argument that Defendant did not comply with the Local Rules, given the Court expressly ordered the parties to meet and confer on the motion and file a joint statement on a date certain, July 18, 2022, and only tangentially and vaguely touched upon the substantive factors.

Again, more important is Defendant's proffered bases for the need for additional time to complete the substantive aspects of the examination of Plaintiff, which Plaintiff largely left unaddressed.

Accordingly, the Court finds that Defendant has sufficiently demonstrated good cause to extend the deposition of Plaintiff for one (1) additional day based on the need to fairly examine the deponent, and Plaintiff has not sufficiently countered Defendant's submission demonstrating good cause, nor has Plaintiff demonstrated consideration of Rule 26 counsels a different result. Fed. R. Civ. P. 30(d)(1); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii); Withers, 267 F.R.D. at 321; see also LaPlante v. Estano, 226 F.R.D. 439, 439–40 (D. Conn. 2005).

# V.
# ORDER

Accordingly, for the above explained reasons, IT IS HEREBY ORDERED that:

1. Defendant's motion to extend the deposition of Plaintiff for one (1) additional day (ECF No. 18) is GRANTED;
2. The parties shall work and confer in good faith in scheduling and completing the deposition[4]; and
3. Plaintiff's request for sanctions is DENIED as unsupported by fact or law.

IT IS SO ORDERED.

Dated: **August 3, 2022**

UNITED STATES MAGISTRATE JUDGE

---

[4] The Court recognizes Plaintiff's request to postpone adjudication of this motion until an allegedly forthcoming motion to compel that Plaintiff stated would be filed within two weeks of July 19, 2022, or August 2, 2022. No such motion was filed by Plaintiff by August 2, 2022. Plaintiff is free to file a motion to compel in line with the scheduling order's guidelines and the nonexpert discovery deadline. The parties shall meet and confer in good faith on such motion as well, and shall file any future joint statements in accordance with the Local Rules, and the Court will not be inclined to entertain haphazardly filed motions and briefing materials.