# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA ROUNDS,<br><br>    Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY,<br><br>    Defendant. | Case No. 1:20-cv-00170-AWI-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CONDUCT ADDITIONAL DEPOSITIONS AND VACATING FEBRUARY 8, 2023 HEARING<br><br>(ECF Nos. 38, 40, 42) |

**I.**

**INTRODUCTION**

Currently before the Court is Plaintiff's motion for leave to allow the taking of more than ten (10) depositions, filed on December 20, 2022. (ECF No. 38.) The motion is currently set for hearing on February 8, 2022. (ECF No. 40.) On December 26, 2022, the parties filed a joint statement regarding the motion. (Joint Statement Re: Discovery Disagreement ("JS"), ECF No. 42.) In consideration of the parties' joint statement and the Court's record, the Court finds this matter suitable for decision without oral argument and the February 8, 2023 hearing shall be vacated. See L.R. 230(g). For the reasons explained below, the Plaintiff's motion shall be denied.

/ / /

/ / /

1

## II.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 30, absent a stipulation, a party must obtain leave of the court to conduct more than ten depositions. Fed. R. Civ. P. 30(a)(2)(A)(i). "[T]he court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." (Id.)

Pursuant to Rule 26, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

The presumptive limit of ten depositions per side is intended to "promote cost-effective discovery and promote the federal rules' policy of minimizing 'unreasonably cumulative or duplicative' discovery." Thykkuttathil v. Keese, 294 F.R.D. 597, 599 (W.D. Wash. 2013) (quoting Fed. R. Civ. P. 26(b)(2)(C); Fed. R. Civ. P. 30 Advisory Committee's Note (1993)). "A party seeking to exceed the presumptive limit bears the burden of making a 'particularized showing' of the need for additional depositions." Thykkuttathil, 294 F.R.D. at 600 (citation omitted); Kaseberg v. Conaco, LLC, No. 15CV01637JLSDHB, 2016 WL 8729927, at *3 (S.D. Cal. Aug. 19, 2016) (citations omitted); Nat. Res. Def. Council, Inc. v. Winter, No. CV057513FMCFMOX, 2008 WL 11338647, at *2 (C.D. Cal. July 11, 2008); but see Pitkin v. Corizon Health, Inc., No. 3:16-CV-02235-AA, 2018 WL 1336047, at *2 (D. Or. Mar. 13, 2018)

("the Federal Rules of Civil Procedure do not require a moving party to make a particularized showing of necessity when seeking leave to take additional depositions.").[1]

Further, courts generally require a party to exhaust their allowed number of depositions before moving to conduct additional depositions. Kaseberg, 2016 WL 8729927, at *3 (citing Thykkuttathil, 294 F.R.D. at 600); Aerojet Rocketydyne, Inc. v. Glob. Aerospace, Inc., No. 2:17-CV-01515-KJM-AC, 2018 WL 5993585, at *1 (E.D. Cal. Nov. 6, 2018) (citing Couch v. Wan, No. 1:08cv1621-LJO-DLB, 2011 WL 4499976, at *1 (E.D. Cal. Sept. 27, 2011)); Nat. Res. Def. Council, Inc., 2008 WL 11338647, at *2; but see Aerojet Rocketydyne, 2018 WL 5993585, at *2 ("In a recent order in another case, District Judge Kimberly J. Muller explained that different courts take different approaches to the rule that available depositions be exhausted before a party seeks additional depositions: some do not apply or adopt the exhaustion rule at all, while others deviate from it only where there is good cause, warranted by the complexity of the case." (citing City of Lincoln v. United States, No. 2:16-CV-01164-KJM-AC, 2018 WL 3917711, at *7 (E.D. Cal. Aug. 16, 2018))).

Courts find that "allowing additional depositions without analyzing the need for the first 10 depositions would reward a party for taking superfluous depositions early in the course of discovery." Galajian v. Beard, No. C15-0955JLR, 2016 WL 5373116, at *2 n.3 (W.D. Wash. Sept. 26, 2016). Courts also require the moving party to exhaust less expensive and burdensome means of conducting discovery before resorting to a request for relief. Nat. Res. Def. Council, Inc., 2008 WL 11338647, at *2. "Pursuant to Rule 26(b)(2)(C), courts have found it proper to deny additional depositions where they would be cumulative, without proper purpose, *e.g.*, there is no evidence they would reveal anything other than what a party had already obtained, the party had ample opportunity to obtain the information by discovery in the action, or they would create

---

[1] This Court has previously considered the argument that a particularized showing of necessity is not required, and found in agreement with the majority of courts in this Circuit that such showing is necessary. See Jordan v. Wonderful Citrus Packing LLC, No. 118CV00401AWISAB, 2019 WL 176264, at *2 n.1 (E.D. Cal. Jan. 11, 2019) ("The majority of courts in this circuit require the moving party to make a particularized showing of necessity in moving for additional depositions . . . The Court agrees with those courts that find that Plaintiff must make a particularized showing of necessity to obtain additional depositions."); see also NuVasive, Inc. v. Alphatec Holdings, Inc., No. 18-CV-0347-CAB-MDD, 2019 WL 6894074, at *1 (S.D. Cal. Dec. 18, 2019) (citing Jordan, 2019 WL 176264, at *2).

3

an unreasonable burden or expense." Kaseberg, LLC, 2016 WL 8729927, at *3.  On the other hand, courts find "there is no reason to conclude that if the need for additional depositions is clear from the outset the court must engage in arbitrary delay before entertaining a motion for depositions in excess of the presumptive 10." Aerojet, 2018 WL 5993585, at *2.

### III.

### DISCUSSION

The Court shall first summarize the parties' respective positions as laid out in the parties' Joint Statement.

#### A.   Plaintiff's Position

"Plaintiff's counsel believes that numerous depositions are required in this case, in part, because the facts of the case entail multiple years, and because there have been numerous perpetrators and witnesses of the facts in this case." (JS at 2-3.)  Plaintiff contends that the presence of ten claims "also necessitates more depositions." (Id. at 3.)  Counsel proffers that in "order to properly and diligently represent his client, Plaintiff's counsel needs to depose all of the witnesses listed in the Motion . . . [and] [t]he witnesses and rationale for deposing each witness are listed in the Motion." (JS at 3.)[2]  However, Plaintiff argues that "Defendant['s] attorney has attempted to limit Plaintiff's depositions to seven (even though Defendant represents over ten potential deposition witnesses), and informed Plaintiff that it will not allow any more depositions until such time that Defendant attorney decides that more are necessary." (Id.)  Plaintiff proffers: "Defendant['s] attorney has also stated that some of the potential deposition witnesses do not have material information, or might be cumulative [but] [o]f course, it is not for Defendant['s] counsel to decide who Plaintiff's counsel deposes, when, in what order, and what information that a witness may have that would necessitate a deposition." (Id.)  Plaintiff suggests her "counsel also has the right to depose a witness to discover that the witness does not have information related to the case." (Id.)

Plaintiff highlights that Defendant has "conducted two long investigations of Plaintiff,

---

[2] As discussed below, the Local Rule requires the Joint Statement to contain all arguments without reference to other briefing.

4

1 and by doing so have taken statements from dozens of witnesses," and argues Defendant's
2 attempt to limit Plaintiff's ability to depose these and other witnesses prejudices Plaintiff.  (Id.)
3 Plaintiff notes that in contrast, Defendant's counsel took three days to take the deposition of
4 Plaintiff, as ordered by the Court after Plaintiff's counsel agreed to allow two full days.  Plaintiff
5 argues that now Defendant is attempting to dictate which employees Plaintiff can depose, and
6 Defendant has allowed only seven Defendant employees to be deposed at this time, "excluding
7 numerous other employees who have pertinent information to this case."  (Id.)

8 Plaintiff additionally argues that Defendant's "counsel has refused to set dates to depose other, non Defendant witnesses, hampering Plaintiff's ability to set depositions," and that "Plaintiff's counsel has the right to set depositions in a preferred order, to depose witnesses, whether Defendant witnesses or third parties – and has been thwarted by Defendant at every step."  (Id. at 4 (emphasis in original).)  As for order of depositions, "Plaintiff's counsel does not want to take the depositions of the seven offered by Defendant first [as] Plaintiff's counsel wants to take other depositions first."  (Id.)  Plaintiff suggests that Defendant has only offered seven depositions, where Defendant controls eleven witnesses; and that Defendant has also refused to cooperate in the deposition testimony of seven non Defendant controlled witnesses and one consultant – flatly refusing to set deposition dates for these witnesses.  Plaintiff argues that while Defendant cites to Couch, 2011 WL 4499976, at *1, the case is inapplicable, as Defendant has never agreed to more than seven depositions.  (Id.)  Here, Plaintiff emphasizes that "[i]n light of the fact that the deadline for depositions is coming up on March 31, 2023, and due to Defendants' unwillingness to cooperate with Plaintiff's requests for depositions, it is imperative that the Court order that Defendants cooperate in all depositions requested by Plaintiff."  (JS at 4 n.1.)

24 Plaintiff asks that the Court order Defendant to provide ten Defendant controlled
25 witnesses of Plaintiff's choosing, and to cease obstructing the depositions of other, non-
26 Defendant witnesses.  (Id. at 4.)

27 **B.     Defendant's Position**

28 Defendant argues Plaintiff has not established good cause to depose 19 witnesses, and

5

1  disputes most of the allegations Plaintiff sets forth in the Joint Statement. (JS at 5. ) Defendant
2  submits that courts will not generally grant requested leave until the moving party has exhausted
3  the ten depositions permitted under Rule 30(a)(2), Couch, 2011 WL 4499976, at *1.  Here,
4  Defendant highlights Plaintiff has not taken a single deposition, and therefore has not
5  demonstrated exhaustion, nor a need to exceed the presumed 10-deposition limitation.  (JS at 5.)
6  Defendant argues Plaintiff's failure to take *any* depositions makes it virtually impossible for the
7  Court to determine whether this case is complex enough to warrant additional depositions or
8  whether the nine additional witnesses will have duplicative, cumulative or important testimony,
9  Del Campo v. Am. Corrective Counseling Servs., 2007 WL 3306496 (N.D. Cal. Nov. 6, 2007)
10 (moving party's burden to establish complexity of the case clearly warrants more than 10
11 depositions); C&C Jewelry Mfg. Inc. v. West, 2011 WL767839, at *1 (N.D. Cal. 2011) (moving
12 party's burden to establish particularized showing to exceed 10-deposition limitation); Andamiro
13 U.S.A. v. Konami Amusement of Am., Inc., 2001 WL 535667, at *2 (C.D. Cal. Apr. 26, 2001)
14 (in evaluating whether moving party has established a particularized showing, Court may
15 consider whether discovery sought is cumulative, duplicative, convenient, important,
16 burdensome or available from other sources).  (JS at 5-6.)

17     Defendant contends that instead of taking a single deposition to develop a factual basis
18 for her motion, Plaintiff simply alleges all 19 proposed witnesses somehow harmed her.
19 Defendant highlights that Plaintiff offers no sworn testimony and no documentary evidence in
20 support of her theories, despite filing her lawsuit in December 2019, and now, three years later,
21 Plaintiff simply makes conclusory allegations that there is a factual basis to depose individuals
22 she has never even met, such as the president of California State University, Stanislaus, Ellen
23 Junn.  Defendant proffers it has identified all witnesses under its control and has provided
24 available dates for their deposition to Plaintiff, but her counsel has refused to proceed. (Ex. A,
25 ECF No. 42 at 11.)

26     Defendant contends that Plaintiff mispresents that Defendant seeks to control which
27 witnesses for her to depose, as Defendant has made it clear that of the 19 witnesses sought,
28 Defendant currently only employs the following seven: John Newton, Amy Diaz, Sergio Perez,

1 Nathan Ziefuss-Hubbard, Vickie Salisbury, Christina Knott and Julie Johnson.  Defendant has
2 also offered to produce for deposition Ilona Turner, Defendant's investigator.  Defendant
3 acknowledges that, as Plaintiff has pointed out, there are several witnesses that are no longer
4 under the control of Defendant and Plaintiff will need to seek subpoenas for their depositions.
5 Defendant notes that of the 19 witnesses sought by Plaintiff, she is welcome to choose her first
6 ten to depose, however, Defendant objects to Plaintiff taking more than 10 depositions because
7 Plaintiff has yet to elaborate the requisite good cause.[3]  Defendant argues the Court should
8 disregard the allegations Plaintiff has raised regarding witnesses who are not under Defendant's
9 control because the allegations lack factual support and the exhibits attached to Plaintiff's motion
10 demonstrates her counsel lacks credibility.

11 Additionally, Defendant contends that aside from failing to establish good cause,
12 Plaintiff's counsel makes several material misrepresentations of fact in her discovery motion and
13 this joint statement to conceal lack of good cause, specifically highlighting to the Court the
14 following: (1) Defendant in fact objected to Plaintiff taking more than 10 depositions on April
15 22, 2022, contrary to Plaintiff counsel's false representation that he had not heard from
16 Defendant about any objections when her counsel sent an email on April 28, 2022, (Mot, Ex. 3,
17 ECF No. 38-2 at 8-10); (2) on April 29, 2022, Defendant's counsel reasonably asked Plaintiff's
18 counsel to explain the basis for deposing each witness contrary to Plaintiff's misleading
19 representation that Defendant's counsel failed to answer whether he "would be amenable to the
20 deposition witness list provided by Plaintiff," (Mot., Ex. 4, ECF No. 38-2 at 11-14); and (3)
21 Plaintiff's motion omits the fact that when her counsel unilaterally set dozens of depositions on
22 May 10, 2022, Plaintiff's counsel still refused to provide a single date for Plaintiff's deposition

---

[3] Further, Defendant highlights the only witnesses under Defendant's control whom Defendant disagrees with producing are CSU-Stanislaus President Ms. Junn, Guillermo Santucci, and Raphael Espinosa.  Defendant proffers that its counsel has explained to Plaintiff's counsel that CSU-Stanislaus campus president, Ms. Junn, had no involvement with Plaintiff's employment or claimed whistleblower complaints; Ms. Junn did not ignore a request from Plaintiff's union to discuss Plaintiff at a CSU Labor Council meeting because Junn does not set the agenda at that meeting and the Labor Council is not the forum to discuss specific personnel matters; and further, Plaintiff has no basis to depose Mr. Santucci or Mr. Espinosa. Defendant notes that while Plaintiff claims they have discoverable information because they told Plaintiff she was a fully exonerated employee, even assuming Mr. Santucci or Mr. Espinosa conveyed that information to Plaintiff, they would have been relying on the CSU investigation report, and Defendant produced that report to Plaintiff and Defendant has offered to make the author of that report (Ilona Turner) available to Plaintiff for deposition as well, but Plaintiff's counsel declined to proceed.

1  despite the fact that that Defendant's counsel had been in communication with Plaintiff's counsel
2  since January 2022 about securing a date for Plaintiff's deposition.  On May 13, 2022,
3  Defendant's counsel set Plaintiff's deposition on one of the dates Plaintiff's counsel unilaterally
4  set for a defense witness because Plaintiff's counsel had refused to provide any dates of
5  availability for Plaintiff's deposition after repeated requests over multiple months, (Mot., Ex. 8,
6  ECF No. 38-2 at 61-68).  (JS at 7-8.)

7  Defendant argues that ultimately, Plaintiff's assertion that she has not taken any
8  depositions to date because of Defendant is patently false, and rather, Plaintiff has not taken any
9  depositions because her counsel has, for whatever reason, declined to depose witnesses who are
10 readily available to be deposed, and in this regard, Defendant's counsel offered dates for several
11 witnesses in June 2022 and followed up in July 2022, however, Plaintiff's counsel never
12 responded and instead elected to file this motion.

13     **C.**    **The Motion Shall be Denied**

14 As discussed above, this Court agrees with the majority of courts that that require a party
15 to make a particularized showing of necessity to obtain additional depositions.  Jordan v.
16 Wonderful Citrus, 2019 WL 176264, at *2 n.1; see also NuVasive, 2019 WL 6894074, at *1.
17 Plaintiff argues in "order to properly and diligently represent his client, Plaintiff's counsel needs
18 to depose all of the witnesses listed in the Motion . . . [and] [t]he witnesses and rationale for
19 deposing each witness are listed in the Motion."  (JS at 3.)  First, Local Rule 251 requires the
20 joint statement to include all arguments and briefing in support of the parties' respective
21 positions, expressly stating: "All arguments and briefing that would otherwise be included in a
22 memorandum of points and authorities supporting or opposing the motion shall be included in
23 this joint statement, and no separate briefing shall be filed."  L.R. 251(c); see also id. (joint
24 statement shall include "[t]he contentions of each party as to each contested issue, including a
25 memorandum of each party's respective arguments concerning the issues in dispute and the legal
26 authorities in support thereof.").  Therefore, Plaintiff's reference to the motion for arguments that
27 were required to be contained in the Joint Statement is procedurally improper and the Court
28 could reject Plaintiff's motion as substantively unsupported by a particularized showing of

8

necessity as to the witnesses.

Nonetheless, the Court has reviewed the factual proffers that Plaintiff references in the original filing. (ECF No. 38 at 5-17.) However, based on a review of the Plaintiff's proffered reasons for the depositions, the Court agrees with Defendant that the factual proffer does not satisfy the requirements for additional depositions, as Plaintiff only offers conclusory factual proffers, with no sworn testimony and no documentary evidence in support, such as that connected to discovery already conducted. The Court finds Plaintiff has failed to provide sufficient information for the Court to determine with any particularity, as to the necessity of more than ten depositions. See Thykkuttathil, 294 F.R.D. at 600 ("These reasons alone are insufficient without further information that would allow the Court to weigh the benefits and burdens of additional depositions . . . [and] [t]he Court is [] unable to assess whether the additional depositions would be unreasonably duplicative or cumulative, taking into account the depositions already taken, or otherwise overly burdensome in light of their potential benefits."); NuVasive, 2019 WL 6894074, at *2 ("The Court has reviewed the list of prospective deponents and the reasons Plaintiff seeks their testimony. Plaintiff neither avers that the requested testimony would not be cumulative or duplicative, nor does Plaintiff address at all the 'particularized need' requirement established firmly in case law."); Kaseberg, 2016 WL 8729927, at *4 ("The Court has no information by which to evaluate whether these depositions would be cumulative, duplicative, burdensome, or relevant.").

Even if the Court were to accept the factual proffers of relevancy from Plaintiff, the Court further finds Plaintiff has not demonstrated the requisite particularized need because Plaintiff has not exhausted ten (10) depositions, and in fact, has not conducted any depositions. This makes it nearly impossible for the Court to make a delineation between some of the requested depositions, as the Kaseberg court did. Kaseberg, 2016 WL 8729927, at *4 ("However, as to the deponents listed above, the Court finds that Plaintiff has demonstrated their testimony is relevant and necessary to the prosecution of his case. The remaining deponents are defendants in this case and/or individuals who Plaintiff has determined through discovery to have information relevant and potentially significant to his claims.").

Again, the Court acknowledges that not all courts apply, and other courts recognize an exception to the general exhaustion rule. However here, the fact *no* depositions have been conducted compounds the lack of a particularized showing of necessity beyond ten (10) depositions, and forecloses the Court's ability to meaningfully analyze the Plaintiff's generalized and procedurally improper proffer in the initial moving papers. See Aerojet Rocketydyne, 2018 WL 5993585, at *2 ("[S]ome do not apply or adopt the exhaustion rule at all, while others deviate from it only where there is good cause, warranted by the complexity of the case."); Galajian, 2016 WL 5373116, at *2 n.3 (noting "allowing additional depositions without analyzing the need for the first 10 depositions would reward a party for taking superfluous depositions early in the course of discovery."); Nat. Res. Def. Council, 2008 WL 11338647, at *2 ("[T]he moving party must exhaust less expensive and burdensome means of discovery before resorting to a request for relief."); Kaseberg, LLC, 2016 WL 8729927, at *3 ("Pursuant to Rule 26(b)(2)(C), courts have found it proper to deny additional depositions where they would be cumulative, without proper purpose, e.g., there is no evidence they would reveal anything other than what a party had already obtained, the party had ample opportunity to obtain the information by discovery in the action, or they would create an unreasonable burden or expense."). Plaintiff has not demonstrated the need for additional depositions is so clear that she should not have to exhaust any depositions before demanding more than ten. C.f. Aerojet, 2018 WL 5993585, at *2 ("[T]here is no reason to conclude that if the need for additional depositions is clear from the outset the court must engage in arbitrary delay before entertaining a motion for depositions in excess of the presumptive 10.").

Finally, the Court also agrees with the Defendant that Plaintiff's own exhibits attached to her motion demonstrate that Plaintiff has misstated or misrepresented the specific facts surrounding the course of meeting and conferring, and the manner of Defendant's objections or alleged refusal to work with Plaintiff in scheduling depositions or agreeing to produce those under Defendant's control. (See JS at 7-8.)

///

///

## IV.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on Plaintiff's motion to conduct more than ten (10) depositions, (ECF No. 38), currently set for February 8, 2023, (ECF No. 40), is VACATED; and

2. Plaintiff's motion to conduct more than ten (10) depositions, (ECF No. 38), is DENIED.

IT IS SO ORDERED.

Dated: **December 28, 2022**

UNITED STATES MAGISTRATE JUDGE