# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA ROUNDS,<br><br>        Plaintiff,<br><br>    v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY,<br><br>        Defendant. | Case No. 1:20-cv-00170-AWI-SAB<br><br>ORDER RE: STIPULATED MOTION TO MODIFY SCHEDULING ORDER<br><br>(ECF No. 47) |

On April 20, 2020, the Court issued a scheduling order. (ECF No. 10.) On June 6, 2022, the Court granted the parties' first stipulated motion to modify the scheduling order. (ECF No. 17.) On October 21, 2022, Plaintiff filed a motion to file a first amended complaint. (ECF No. 26.) Plaintiff's motion indicated Defendant had no objection to the motion to amend or the proposed amended complaint, and after the time period to file an opposition expired, on November 16, 2022, the Court vacated the hearing and granted the motion for leave to amend. (ECF No. 30.) On November 17, 2022, Plaintiff filed a first amended complaint. (ECF No. 31.)

On December 8, 2022, Defendant filed a motion to dismiss the first amended complaint. (ECF Nos. 33, 34.) On December 12, 2022, in light of the motion to dismiss the first amended complaint in relation to the deadlines for discovery and to file a dispositive motion, as well as the pretrial conference and trial dates, the Court ordered the parties to file a status report concerning

whether the currently set dates should remain set. (ECF No. 35.) On December 16, 2022, the parties filed a joint status report explaining that Plaintiff has not taken depositions in this case yet, and intends to take in excess of ten (10). (ECF No. 36.)[1] As noted in the report, the dispositive motion filing deadline of January 9, 2023, was one day before the hearing on the then set motion to dismiss. Defendant proffered it intended to adhere to such deadline but for the amended complaint. The parties requested in the status report that the Court continue the discovery deadlines, the dispositive motion filing deadline, as well as the pretrial conference and trial dates.

On December 20, 2022, the Court granted the parties request to modify the scheduling order, in part. (ECF No. 37.) Therein, the Court explained it did "not find the parties have demonstrated sufficient good cause to extend the discovery deadlines as far as requested, particularly given the lack of depositions completed by Plaintiff, however, the Court will adjust the scheduling . . . to accommodate the recently filed motion to dismiss, and to allow the parties additional time to complete the requested discovery." (Id. at 2.) The Court set the following dates and deadlines:

1. Expert Witness Disclosure Deadline: March 20, 2023;
2. Non-Expert Discovery Deadline: March 31, 2023;
3. Supplemental Expert Disclosure Deadline: April 10, 2023;
4. Expert Discovery Deadline: May 1, 2023;
5. Dispositive Motion Deadline: May 15, 2023;
6. Pretrial Conference: November 16, 2023, at 10:00 a.m., in Courtroom 2;
7. Trial: January 23, 2024, at 8:30 a.m., in Courtroom 2; and
8. All other aspects of the scheduling order continue to remain in effect.

(ECF No. 37 at 3.) On December 28, 2022, the Court denied Plaintiff's motion to conduct additional depositions. (ECF No. 43.)

---

[1] Plaintiff had filed a motion to extend the number of depositions, which was set to be heard on December 14, 2022, however, on December 2, 2022, the Court denied the motion without prejudice as the parties did not file a joint statement as required by the Local Rules. (ECF No. 32.) Following the completion of Plaintiff's deposition, Defendant began preparing a motion for summary judgment, however, Plaintiff filed the motion for leave to amend. Defendant did not oppose amendment given the liberal standard. On December 8, 2022, Defendant filed the motion to dismiss the Plaintiff's newly added causes of action. (ECF Nos. 33, 34.)

On March 20, 2023, the parties filed a stipulated motion to further modify the scheduling order. (ECF No. 47.) The parties proffer that since the last modification, the parties have nearly completed all depositions, however, a few more depositions will have to take place in May of 2023, due to the unavailability of witnesses and counsel prior to such time. The parties also highlight that the motion to dismiss is fully briefed and still pending a decision, and that there has only been one stipulated request to modify the scheduling order in this action, although as the Court noted above a second modification came necessary after the filing of the first amended complaint and after the Court ordered a status report. The Court shall grant the request given the parties have completed most depositions since the last modification, in the interest of expediency, and because the parties have not requested modification of the pretrial conference or trial dates. However, given the history of modification in this action and the Court's previous findings, the Court expects the parties to provide more detailed explanations of the discovery completed and discovery needed to support good cause in the future.

Accordingly, IT IS HEREBY ORDERED that the parties' stipulated motion to modify the schedule (ECF No. 47) is GRANTED, and the scheduling order is modified as follows:

1. Expert Witness Disclosure Deadline: **July 20, 2023**;
2. Non-Expert Discovery Deadline: **July 31, 2023**;
3. Supplemental Expert Disclosure Deadline: **August 10, 2023**;
4. Expert Discovery Deadline: **September 1, 2023**;
5. Dispositive Motion Deadline: **September 15, 2023**;[2] and
6. All other aspects of the scheduling order continue to remain in effect.

IT IS SO ORDERED.

Dated:   **March 21, 2023**

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The parties' stipulation uses the year "2022" in multiple instances where it is clear the parties meant to enter "2023." (See ECF Nos. 47 at 2, 47-1 at 2.)

3