# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA ROUNDS,<br><br>        Plaintiff<br><br>    v.<br><br>STATE OF CALIFORNIA, and TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY,<br><br>        Defendants | CASE NO. 1:20-CV-0170 AWI SAB<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. No. 33) |

This is an employment related dispute between Plaintiff Carla Rounds and her former employer, the Trustees of the California State University ("the Trustee").[1] The operative complaint is the First Amended Complaint ("FAC"). The FAC alleges claims for discrimination (Cal. Gov. Code § 12940(a)) and harassment (Cal. Gov. Code § 12940(j)) under the Fair Employment and Housing Act ("FEHA"), whistleblower retaliation under Cal. Lab. Code § 1102.5 ("§ 1102.5"), retaliation under Cal. Labor Code § 6310, violation of 42 U.S.C. § 1983 based on First Amendment retaliation, and California common law claims for constructive discharge, conversion, and negligence. Currently before the Court is the Trustee's Rule 12(b)(6) motion to dismiss the three common law claims. For the reasons that follow, the Trustees' motion will be granted.

---

[1] As part of their motion to dismiss, the Trustees argue that they have been erroneously sued as the State of California. See Doc. No. 33 at 1:24-25.

**RULE 12(b)(6) FRAMEWORK**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. See Yoshikawa v. Seguirant, 41 F.4th 1109, 1114 (9th Cir. 2022). In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021). However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Benavidez, 993 F.3d at 1145. The Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254 (9th Cir. 2013). To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678; Armstrong v. Reynolds, 22 F.4th 1058, 1070 (9th Cir. 2022). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Miller v. Sawant, 18 F.4th 328, 336 (9th Cir. 2022). Plaintiffs cannot "rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery." Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1177 (9th Cir. 2021); see Mujica v. AirScan, Inc., 771 F.3d 580, 593 (9th Cir. 2014). If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made . . . ." Ebner v. Fresh, Inc., 838 F.3d 958, 962 (9th Cir. 2016). However, leave to amend need not be granted if amendment would be futile or the plaintiff has failed to cure deficiencies despite repeated opportunities. Garmon v. County of L.A., 828 F.3d 837, 842 (9th Cir. 2016).

**FACTUAL BACKGROUND**

From the FAC, Rounds is a Caucasian female who was employed by the California State University – Stanislaus ("CSUS") from April 4, 2016 to July 19, 2021, as an Information Technology Consultant. Among other things, Rounds was tasked with maintaining electronic medical records and acting as a HIPAA security officer. During her employment, Rounds had several medical issues and surgeries. When she had surgeries or experienced medical problems, she returned to work early out of fear of retaliation. She was never informed that she was eligible for state and federal medical related leave. Further, Rounds's supervisor, Dr. Hennes, refused to meet with Rounds, refused to approve training opportunities, shared confidential information about her, defamed her, took away job duties, did not provide reasonable accommodations or engage in any interactive processes. Rounds also experienced discriminatory actions based on her gender and race and was retaliated against for whistleblowing about issues involving HIPAA and electronic security. Rounds experienced multiple instances of removing and reassigning job duties, setting obstacles to completing tasks, refusing to permit flextime, having her concerns ignored, refusing to provide or authorize relevant and beneficial training, and being undermined in the attempted performance of her duties.

On December 3, 2018, Rounds was placed on indefinite paid suspension in relation to a disruption of programs and operations at the Student Health Center. Rounds was locked out of CSUS related information, activity, opportunities, and duties. CSUS investigated the matter, but did not provide information regarding the investigation to Rounds or her union. Also, upon being placed on administrative leave, Rounds requested the return of various items of personal property, including a number of different tools, numerous storage boxes, a decorative gemstone slice, a small statue, CSUS hats and shirts, plastic cutlery, and food. The estimated value of these personal items is $632. CSUS never returned these items to Rounds.

On March 3, 2019, Rounds made an official whistleblower complaint to CSUS.

On April 3, 2019, a co-worker who had been hostile to Rounds (Gomez) was terminated from CSUS. On April 4 and May 14, 2019, Gomez took active and calculated steps to humiliate, defame, and threaten Rounds in retaliation for his termination.

On September 24, 2019, Dr. Hennes was terminated from CSUS.

Two investigations, one beginning December 19, 2018 and the other June 20, 2020, resulted in Rounds be kept on paid leave. Both investigations concluded that Rounds had committed no acts of wrongdoing.

In April 2021, Rounds was informed that she would be returned work but, because her previous job duties had been reassigned, she would be moved to a new position.

On April 24, 2021, Rounds provided CSUS a written list of concerns, including being concerned about retaliation upon her return to work. These concerns were never addressed by CSUS. Due to previous acts of retaliation, two meritless investigations, nearly three years of paid leave, the refusal of CSUS to address any of her concerns, CSUS's refusal to properly deal with other information technology employees, and the high amount of stress to Rounds caused by this conduct, Rounds took state and federal medical leave due to the unbearable stress.

Once medical leave expired, Rounds consulted with her physician, who recommended that she not return to CSUS. Therefore, on July 21, 2021, Rounds resigned from CSUS. The stress, anxiety, and humiliation that she had experienced, combined with the knowledge that CSUS was looking to continue to harass and retaliate against her, resulted in a constructive discharge.

## **DEFENDANTS' MOTION**

*Defendant's Argument*

The Trustees argue that dismissal of the three common law claims (eighth cause of action for constructive termination, the ninth cause of action for conversion, and the tenth causes of action for negligence) is appropriate through application of Cal. Gov. Code § 815. This statute immunizes public entities from common law tort liability. A public entity is only liable if there is a statutory basis for liability. However, the FAC does not identify a statutory basis for these claims. While the FAC does identify § 1102.5 as a statutory basis for constructive termination, the allegations show that the claim is actually a common law claim. Moreover, the fifth cause of action already alleges a claim under § 1102.5. Alternatively, these claims are barred by Eleventh Amendment sovereign immunity.

*Plaintiff's Opposition*

With respect to her eighth cause of action for wrongful discharge, Rounds explains that this claim is based on the statutory protection of § 1102.5 and on the Trustees forcing Rounds out of her job. Rounds states that she recognizes that this claim is encapsulated by her fifth cause of action for violation of § 1102.5. As such, Rounds requests leave to amend the fifth cause of action to make clear that it includes constructive discharge and to withdraw her eighth cause of action.

With respect to her ninth and tenth causes of action for conversion and negligence, Rounds explains that she is alleging that individual employees are responsible for the loss of her personal property and that these employees were acting outside the scope of their employment when they stole her property. Rounds requests leave to amend to clarify the nature of her claims.

*Defendant's Reply*

The Trustees do not oppose granting Rounds leave to drop the eighth cause of action and amend the fifth cause of action to clearly include a constructive discharge claim, but the Trustees reserve the right to challenge the fifth cause of action if amendment is made.

With respect the ninth and tenth causes of action, amendment should not be permitted. Rounds admits that the individual employees involved were acting outside the scope of their employment. Thus, the acts of the individual employees are not related to, and do not derive from, the same set of facts alleged in the FAC against the Trustees. Therefore, the Court cannot exercise supplemental jurisdiction over the negligence and conversion claims. Alternatively, the value of the property involved is so small (about $630), it would be fundamentally unfair to hail individual employees into federal court to defend what would amount to no more than a small claims dispute in state court. Thus, supplemental jurisdiction should be declined under 28 U.S.C. § 1367(c)(4).

*Discussion*

1. Eighth Cause of Action – Constructive Discharge

There is no dispute between the parties. Rounds agrees that this claim is already encompassed by the fifth cause of action, which is expressly a § 1102.5 cause of action. Further, the Trustees do not oppose Rounds's request to amend her complaint to drop the eighth cause of

action and make clear that the fifth cause of action includes a constructive discharge claim/theory. Given the parties' agreement, the Court will dismiss the eighth cause of action, but grant leave to amend the fifth cause of action to include a constructive discharge claim/theory.

### 2. Ninth & Tenth Causes of Action – Conversion and Negligence

The conversion and negligence claims are based on the personal property that was never returned to Rounds when she was placed on administrative paid leave. As pled, these two common law claims are alleged against "Defendant," which the Court takes to mean the Trustees.[2] There is no dispute that the Trustees, or Board of Trustees, are a California public entity. Cf. Horsford v. Board of Trustees of Cal. State Univ., 132 Cal.App.4th 359, 400 (2005) (discussing the public entity status of the Board of Trustees of the California State University in the context of attorneys' fees).

Pursuant to the California Government Claims Act (Cal. Gov. Code § 810 *et seq.*), "[e]xcept as otherwise provided by statute, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or public employee or any other person." Cal. Gov't Code § 815(a). Thus, "[a]ll government tort liability must be based on statute." Hoff v. Vacaville Unified Sch. Dist., 19 Cal.4th 925, 932 (1998). The Government Claims Act "draws a clear distinction between the liability of a public entity based on its own conduct, and the liability arising from the conduct of a public employee." de Villers v. County of San Diego, 156 Cal.App.4th 238, 251 (2007). For direct liability, a "specific statute declaring [the entity] to be liable, or at least creating some specific duty of care" must be identified. Eastburn v. Regional Fire Protection Authority, 31 Cal.4th 1175, 1183 (2003); Koussaya v. City of Stockton, 54 Cal.App.5th 909, 943 (2020); de Villers, 156 Cal.App.4th at 252. For vicarious liability, California Government Code § 815.2 "expressly makes the doctrine of *respondeat superior* applicable to public employers." Hoff, 19 Cal.4th at 932; see also Eastburn, 31 Cal.4th at 1180. Specifically, a "public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would,

---

[2] The Complaint identifies the Trustees and the State of California as defendants.

apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code § 815.2(a); Hoff, 19 Cal.4th at 932.

Here, the FAC does not identify any statute that would make the Trustees liable as a public entity for conversion or general negligence. Similarly, the opposition fails to identify any statutory basis for liability for these claims. Therefore, as pled, the ninth and tenth causes of action are not plausible claims against the Trustees. See Eastburn, 31 Cal.4th at 1183; Koussaya, 54 Cal.App.5th at 943.

In terms of leave to amend, Rounds explains that the amended ninth and tenth causes of action would be against individual employees who are not currently parties to this suit and whose actions of stealing/taking Rounds's property were done outside the scope of their employment with the Trustees.[3] This explanation of the proposed amended claims shows that the proposed claims are very different from the other existing claims in the FAC. The other claims in the FAC all involves instances of discrimination, retaliation, and harassment by Rounds's employer/supervisors. Unique acts of theft by individual employees which were acts outside of the scope of their employment have nothing to do with the discrimination, retaliation, and harassment carried out by Rounds's supervisors within the scope of their employment. In other words, it appears that Rounds's proposed conversion and negligence claims will have a factual and legal bases that are different and distinct from all of the other claims in this case. This conclusion raises two hurdles that appear insurmountable.

First, in order to join the individual employees as defendants, Federal Rule of Civil Procedure 20 permits joinder of defendants if *inter alia* "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(B). It is unclear how any shared question of law or fact would arise between the individual employees and the Trustees. The acts of theft by the individual employees are not like the acts of harassment, discrimination, and retaliation by the Trustees. Further, entirely different and distinct legal elements would be at issue

---

[3] Rounds correctly acknowledges that because individuals employees were acting outside of their scope of employment, the Trustees cannot be held vicariously liable for those employees' actions through § 815.2(a). See Van Ort v. Estate of Stanewich, 92 F.3d 831, 840 (9th Cir. 1996); Cal. Gov. Code § 815.2(a).

7

between the conversion and negligence claims, and the FEHA, § 1983, and Labor Code claims. Therefore, Rule 20 would not permit joining the individual employees as defendants in this case.

Second, federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." Kuba v. 1-A Agric. Ass'n, 387 F.3d 850, 855 (9th Cir. 2004). Thus, federal courts "normally must assert supplemental jurisdiction when the combined state and federal claims form part of the same 'case or controversy' and share a 'common nucleus of operative fact.'" Ho v. Russi, 45 F.4th 1083, 1086 (9th Cir. 2022). Here, however, for the same reasons that there would be no common question of law or fact between all defendants, no "common nucleus of operative fact" appears to exist between the proposed negligence and conversion claims and Rounds's only federal cause of action, her § 1983/First Amendment retaliation claim. Again, the conversion and negligence claims are personal acts of theft committed outside the scope of the individual employees' employment. The facts necessary to prove these claims are separate and distinct from the facts that would be necessary to prove that the Trustees unconstitutionally retaliated, harassed, and/or discriminated against Rounds through the acts of supervisors that were performed within their scope of employment. Since no common nucleus of operative facts appears to exist between Rounds's § 1983/First Amendment retaliation claim and the proposed conversion and negligence claims, it is inappropriate for the Court to exercise supplemental jurisdiction over Rounds's proposed conversion and negligence claims.[4]

In sum, because the Court cannot add the individual employees as defendants through Rule 20, nor can the Court exercise supplemental jurisdiction over the proposed conversion and negligence claims, the Court will dismiss the currently pled conversion and negligence claims without leave to amend.

---

[4] Moreover, given the nature of the conversion and negligence claims against individual employees, and the $632 worth of property involved, the Court would not expect the conversion and negligence claims to naturally be tried with Rounds's § 1983 retaliation claim against the Trustees.

8

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (Doc. No. 33) is GRANTED;
2. Plaintiff's ninth cause of action for conversion and tenth cause of action for negligence are DISMISSED without leave to amend;
3. Plaintiff's eighth cause of action is DISMISSED;
4. Plaintiff is granted leave to amend the fifth cause of action to include a constructive discharge theory;
5. No later than fourteen (14) days from service of this order, Plaintiff may file a second amended complaint that is consistent with this order; and
6. If Plaintiff fails to timely file an amended complaint, then leave to amend shall be considered automatically withdrawn without further order from the Court, and Defendant shall file an answer within twenty-one (21) days of service of this order.

IT IS SO ORDERED.

Dated:   April 19, 2023

SENIOR DISTRICT JUDGE