ROB BONTA, State Bar No. 202668
Attorney General of California
FIEL D. TIGNO, State Bar No. 161195
Supervising Deputy Attorney General
BRANDON FIELDS, State Bar No. 282942
Deputy Attorney General
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 879-0752
 Fax:  (510) 622-2270
 E-mail:  Brandon.Fields@doj.ca.gov
*Attorneys for Defendant The Board of Trustees of the California State University (also erroneously sued as State of California)*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Carla Rounds,**<br><br>Plaintiff,<br><br>v.<br><br>**The Board of Trustees of the California State University, State of California,**<br><br>Defendants. | 1:20-cv-00170-DAD-CKD<br><br>**DECLARATION OF BRANDON FIELDS DESCRIBING GOOD FAITH MEET AND CONFER REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date:         November 7, 2023<br>Time:        1:30 p.m.<br>Dept:         Courtroom 5<br>Judge:       The Honorable Dale A. Drozd<br>Trial Date: January 23, 2024<br>Action Filed: 12/16/2019 |

I, Brandon Fields,

1. I am a Deputy Attorney General with the California Attorney General's office and represent the defendant the Board of Trustees of the California State University ("CSU"), in the above captioned matter. I am an attorney at law licensed to practice before all the courts of the State of California and the United States District Court for the Eastern District of California. I

1

have personal knowledge of the following matters and if called to testify, I could and would testify competently thereto.

2. I have made a good faith attempt to meet and confer with Thomas Dimitre, counsel for Plaintiff Carla Rounds, before filing the motion for summary judgment, or in the alternative, partial summary judgment ("MSJ") on behalf of defendant CSU. On September 14, 2023, I asked Mr. Dimitre whether he was available before 10:00 a.m. on September 15, 2023 to discuss the MSJ that I intended to file on behalf of CSU. Mr. Dimitre responded the same day and indicated he was available on September 18, 2023 to discuss CSU's MSJ. The scheduling order reflects September 15, 2023 is the last day for the parties to file a dispositive motion. CSU filed its motion on September 15, 2023.

3. On September 21, 2023, I met and conferred in good faith with Mr. Dimitre about CSU's MSJ. On September 21, 2023 at approximately 1:00 p.m., Mr. Dimitre and I spoke by telephone about CSU's MSJ for approximately 34 minutes. Ultimately, counsel were unable to narrow any issues in CSU's MSJ in a substantive manner.

4. In regards to protected activity in support of Ms. Rounds's Labor Code section 1102.5 claim, Mr. Dimitre confirmed some of Ms. Rounds's complaints were personnel activity that she could not have reasonably believed were complaints about illegal activity. For example, it appears Mr. Dimitre agrees Ms. Rounds's complaints about non-IT workers moving printers was not a complaint about illegal activity. However, Mr. Dimitre believes other complaints Ms. Rounds raised were complaints about illegal activity or complaints she reasonably believed were about illegal activity.

5. The parties disagree about whether Ms. Rounds sustained an adverse employment action. For instance, Mr. Dimitre represented that there is a material factual dispute concerning whether CSU constructively discharged Ms. Rounds based on the length Ms. Rounds's placement on paid administrative time off and CSU assigning her a new role in a different department. I explained to Mr. Dimitre that there is no dispute that Ms. Rounds's coworkers raised serious allegations against her that CSU necessarily had to investigate. Those complaints included allegations of gun violence and unprofessionalism of a sexual nature. Further, other serious

2

Declaration of Brandon Fields Describing Good Faith Meet and Confer Regarding Defendant's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment (1:20-cv-00170-DAD-CKD)

allegations arose that prolonged CSU's investigation and Ms. Rounds's return to work with CSU. I also explained to that Ms. Rounds indisputably never returned to work to assess whether CSU addressed her perceived complaints of workplace harassment.

6. Mr. Dimitre represented that he would review his notes and get back to me about Ms. Rounds's First Amendment cause of action and her Labor Code Section 6310 cause of action.

7. Counsel for the parties discussed several other issues regarding CSU's MSJ. However, no substantive agreements were made.

7. Based on the foregoing, I have met and conferred in good faith with counsel for Ms. Rounds about CSU's MSJ.

I declare, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on this 21st day of September 2023, at Oakland, California.

_____

Brandon Fields

OK2020900010
91680432.docx

3

Declaration of Brandon Fields Describing Good Faith Meet and Confer Regarding Defendant's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment  (1:20-cv-00170-DAD-CKD)