1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  CARLA ROUNDS,                          No. 1:20-cv-00170-DAD-CKD

12                 Plaintiff,

13        v.                               ORDER DENYING PLAINTIFF'S MOTION
                                           FOR CLARIFICATION
14  THE BOARD OF TRUSTEES OF THE
    CALIFORNIA STATE UNIVERSITY,           (Doc. No. 85)
15
                   Defendant.
16

17

18        This matter is before the court on plaintiff's motion for clarification filed on April 10,

19  2025.  (Doc. No. 85.)  In the pending motion, plaintiff seeks clarification of the previously

20  assigned district judge's April 20, 2023 order granting defendant's motion to dismiss.  (Doc. No.

21  85-1 at 1.)  The motion for clarification was taken under submission on the papers pursuant to

22  Local Rule 230(g).  (Doc. No. 87.)  For the reasons explained below, plaintiff's motion will be

23  denied.

24                              **BACKGROUND**

25        The parties are well familiar with the entire background of this long-litigated case.

26  Accordingly, the court will not recount it here and instead incorporates by reference the

27  background section of the court's September 27, 2024 order granting partial summary judgment

28  in favor of defendant Board of Trustees of the California State University ("defendant").  (Doc.

                                           1

1    No. 81.)  The following factual and procedural background is particularly relevant to resolution of

2    the pending motion.

3            On December 16, 2019, plaintiff Carla Rounds filed the complaint initiating this

4    employment discrimination and retaliation action against defendant, her former employer.  (Doc.

5    No. 1 at 1.)  On November 17, 2022, plaintiff filed her operative first amended complaint

6    ("FAC").  (Doc. No. 31.)  On December 8, 2022, defendant filed a motion to dismiss three of the

7    ten claims brought by plaintiff in her FAC, namely, plaintiff's eighth claim for wrongful

8    termination/constructive discharge, ninth claim for conversion, and tenth claim for negligence.

9    (Doc. No. 33.)  In its motion to dismiss, defendant argued that these three claims were barred by

10   California's Government Tort Claims Act and that it was entitled to sovereign immunity under

11   the Eleventh Amendment.  (*Id*.)  In plaintiff's opposition to defendant's motion to dismiss, which

12   contained only a few sentences, plaintiff requested leave to amend her ninth and tenth claims.

13   (Doc. No. 41 at 2.)  As to her eighth claim for "wrongful termination/constructive discharge,"

14   plaintiff "agreed to withdraw [it]" and requested leave to "modify the fifth claim [for

15   whistleblower retaliation in violation of California Labor Code § 1102.5] to include constructive

16   discharge."  (*Id*.)  In reply, defendant stated that it did not oppose plaintiff's request to dismiss her

17   eighth claim and to amend her fifth claim but stated that it "reserve[d] the right to seek dismissal

18   of that claim after Plaintiff amends."  (Doc. No. 44 at 5.)

19           On April 20, 2023, the previously assigned district judge issued an order granting

20   defendant's motion to dismiss.  (Doc. No. 49.)  Plaintiff's eighth, ninth, and tenth claims were

21   dismissed, and the court granted plaintiff leave to amend only as to her fifth cause of action "to

22   include a constructive discharge theory."  (Doc. No. 49 at 9.)  The court's order stated that should

23   plaintiff fail "to timely file an amended complaint, then leave to amend shall be considered

24   automatically withdrawn without further order from the Court, and Defendant shall file an answer

25   within twenty-one (21) days of service of this order."  (*Id*.)  Plaintiff failed to amend her FAC,

26   and accordingly, on May 12, 2023, defendant filed its answer.  (Doc. No. 52.)

27           On September 15, 2023, defendant filed a motion seeking summary judgment in its favor

28   as to all of plaintiff's claims, including plaintiff's fifth claim for whistleblower retaliation in

2

1    violation of California Labor Code § 1102.5.  (Doc. No. 56-1 at 27–29.)[1]  Defendant noted that

2    several of plaintiff's claims require evidence that she suffered an adverse employment action and

3    argued that because she did not suffer any such action, it was entitled to summary judgment in its

4    favor as to several of her claims.  (Doc. No. 56-1 at 18.)  In her opposition and cross-motion for

5    summary judgment, plaintiff listed, without citation to any evidence, numerous actions that she

6    purported constituted adverse employment actions, including her placement on paid

7    administrative leave ("PAL") and her constructive discharge.  (Doc. No. 74 at 28–29, 32–33, 35.)

8    In the court's order resolving the parties' cross-motions for summary judgment, the court found

9    that "the only adverse employment action that plaintiff ha[d] substantiated with evidence is her

10   placement on PAL and corresponding inability to access trainings and assignments while on

11   PAL."  (Doc. No. 81 at 38.)  The court rejected plaintiff's argument that "she suffered the adverse

12   employment action of being 'constructively discharged,'" noting that "plaintiff's theory of

13   constructive discharge was previously dismissed (Doc. No. 49 at 5–6) and no constructive

14   discharge theory or claim remains in this case."  (Doc. No. 81 at 15.)  Ultimately, the court

15   granted summary judgment in defendant's favor on several of plaintiff's claims but denied

16   summary judgment as to plaintiff's fifth and seventh claims for whistleblower and First

17   Amendment retaliation predicated on her March 2019 written complaint detailing workplace

18   policy violations and her placement and retention on PAL.  (*Id*. at 53.)

19        On April 8, 2025, over six months after the court issued its order resolving the parties'

20   cross-motions for summary judgment, plaintiff filed the pending motion for clarification.  (Doc.

21   Nos. 83, 85.)  In her pending motion, plaintiff seeks clarification of the previously assigned

22   district judge's April 20, 2023 order granting defendant's motion to dismiss.  (Doc. No. 85-1 at

23   1.)  Specifically, plaintiff states that her counsel "was not aware that the order on the motion to

24   dismiss[] dismissed the constructive discharge claim, or that it would be dismissed if the

25   complaint was not amended" and argues that "the constructive discharge claim of the [FAC] was

26   dismissed in error."  (*Id*. at 5.)  Plaintiff argues that even "[t]hough the Court dismissed the 8th

27

28   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     [1]  On September 13, 2023, this case was reassigned to the undersigned.  (Doc. No. 55.)

1    claim, the constructive discharge claim facts still exist by virtue of" other factual allegations and

2    the fact that her fifth claim incorporated by reference all preceding allegations in her FAC.  (*Id*. at

3    5–6.)  Plaintiff also states that if "the Court believes that the constructive discharge claim has

4    been dismissed, Plaintiff requests leave to amend the FAC to include the constructive discharge

5    claim" and that her failure to do so previously was "inadvertent, and excusable neglect." (*Id*. at

6    8.)

7            In opposition, defendant argues that plaintiff's motion is procedurally improper, untimely,

8    and baseless.  (Doc. No. 86 at 6.)  Defendant first observes that plaintiff has not cited any legal

9    authority supporting her request for relief, and that if she seeks reconsideration of the April 2023

10    order, she has not met the applicable standards governing consideration of such a motion.  (*Id*.)

11    Defendant also argues that the court's April 2023 order was "unambiguous and clear" and that

12    plaintiff is seeking "to revive a defective claim that the Court dismissed two years ago, and that

13    Plaintiff effectively abandoned."  (*Id*.)  Defendant explains that "[t]he operative pleading in this

14    matter is Plaintiff's [FAC] following the Order Granting Motion to Dismiss," and in that April

15    2023 order "the Court dismissed Plaintiff's constructive discharge claim" and "Plaintiff chose to

16    not file a second amended complaint."  (*Id*. at 12.)  It argues that "[p]laintiff's requested relief

17    seeking a long-delayed 'clarification' of the Court's Order Granting Motion to Dismiss is an

18    improper attempt to end-run the Court's ruling on summary judgment that significantly narrowed

19    her case."  (*Id*.)  Finally, defendant urges that plaintiff's request for leave to amend her FAC

20    should be denied, arguing that plaintiff "sat on her hands," that counsel for plaintiff has offered

21    "no credible explanation" for why he did not read the court's orders resolving the parties'

22    substantive motions until recently, and that defendant would be "severely prejudiced" by

23    amendment because it "would be forced to seek a trial continuance" to allow for additional

24    motion practice and "discovery into the claim . . . assuming the claim survives a motion to

25    dismiss."  (*Id*. at 13.)  Defendant also observes that any amendment to the FAC to include

26    constructive discharge would be futile, because plaintiff's remaining retaliation claims are

27    predicated on her March 2019 written complaint and it is undisputed that plaintiff was placed on

28    PAL in December 2018 and never returned to work.  (*Id*. at 14–15.)  Accordingly, defendant

4

1    argues that there could be no working conditions resulting from plaintiff's written complaint that

2    served to constructively discharge her.  (*Id.*)

3        In reply, plaintiff first argues that "unlike defendant['s] assertion this is NOT a motion for

4    reconsideration – it is a motion for clarification."  (Doc. No. 88 at 3.)  Startlingly, counsel for

5    plaintiff also argues that her pending motion is indeed timely because "it was just recently that

6    Plaintiff's counsel read and understood" the court's orders.  (*Id.*)  Counsel for plaintiff explains

7    that he "is a sole proprietor" and "has had some major health problems" and only "skimmed" the

8    court's prior orders.  (*Id.* at 6.)  Plaintiff's counsel asserts that his failure to file an amended

9    complaint was therefore "excusable neglect" on his part.[2]  (*Id.*)  Plaintiff additionally argues that

10   amendment to plaintiff's FAC is not even necessary because "the constructive discharge

11   claim . . . has been properly pled," so "there is no basis, or reason, for not allowing it to go

12   forward."  (*Id.* at 5.)

13                              **LEGAL STANDARD**

14       "No specific Federal Rule of Civil Procedure governs motions for clarification."  W*alker

15   v. Wolf*, No. 4:22-cv-00222-DCN, 2024 WL 1746045, at *2 (D. Idaho Apr. 23, 2024); *see also N.*

16   *Alaska Env't Ctr. v. Haaland*, No. 3:20-cv-00187-SLG, 2023 WL 3661998, at *3 (D. Alaska May

17   25, 2023) ("While there is no specific Federal Rule of Civil Procedure governing motions for

18   clarification, such motions have been made and, when appropriate, granted.").  "However, such

19   motions are appropriate when parties are uncertain about the scope of a ruling or when the ruling

20   is reasonably susceptible to differing interpretations."  *Id.* (citing *United States v. All Assets Held

21   at Bank Julius, Baer & Co.*, 315 F. Supp. 3d 90, 99–100 (D.D.C. 2018)).  "The general purpose of

22   a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or

23   amend."  *LBF Travel Mgmt. Corp. v. DeRosa*, No. 20-cv-02404-MMA-SBC, 2025 WL 1088200,

24   at *2 (S.D. Cal. Apr. 11, 2025) (internal citations omitted).

25       "A party may amend its pleading once as a matter of course within:  (A) 21 days after

26   serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after

27   _____

28   [2]  The court rejects any such contention.  Failing to read the court's orders obviously does not
     establish excusable neglect.

service if a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court to amend a pleading or receive the opposing party's written consent. *Id.*

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires." *Id.* Nevertheless, leave to amend need not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

## ANALYSIS

### A.    Plaintiff's Motion for Clarification

Plaintiff first "requests that the Court clarify that the facts regarding constructive discharge are still operative." (Doc. No. 85-1 at 3.) Plaintiff's request will be denied.

The court finds that there was nothing "ambiguous or vague" about the court's April 20, 2023 order dismissing plaintiff's constructive discharge claim or the court's September 27, 2024 summary judgment order confirming that this dismissal took place. *LBF Travel Mgmt. Corp.*, 2025 WL 1088200, at *2 (motions for clarification are appropriate only "when a prior order contains ambiguity or may reasonably be interpreted in more than one way"). As noted, the previously assigned district judge, in ruling on defendant's motion to dismiss, dismissed plaintiff's eighth claim for constructive discharge but granted plaintiff "leave to amend [her] fifth cause of action to include a constructive discharge claim/theory." (Doc. No. 49 at 6.) This ruling was made pursuant to agreement of the parties that plaintiff would amend her fifth claim and that defendant "reserve[d] the right to seek dismissal of that claim after Plaintiff amends." (Doc. No. 44 at 5.) The court's April 20, 2023 dismissal order specifically clearly stated that if plaintiff

1     "fail[ed] to timely file an amended complaint, then leave to amend shall be considered

2     automatically withdrawn." (Doc. No. 49 at 9.) Plaintiff failed to file a second amended

3     complaint by May 4, 2023; accordingly, leave to amend was automatically withdrawn after that

4     date. In effect, plaintiff's eighth, ninth, and tenth claims were dismissed, her fifth claim was

5     never amended to include the constructive discharge theory, and defendant accordingly never

6     sought dismissal of any amended claim and instead filed an answer to plaintiff's FAC. (Doc. No.

7     52.) As stated above, in the court's subsequent order resolving the parties' cross-motions for

8     summary judgment, the court clearly stated that "plaintiff's theory of constructive discharge was

9     previously dismissed" and because plaintiff failed to amend her FAC, "no constructive discharge

10     theory or claim remains in this case." (Doc. No. 81 at 15.)

11        Accordingly, the court will deny plaintiff's motion to clarify that her constructive

12     discharge theory is still extant, and instead confirms what has long been clear—that this case

13     proceeds only as to the two remaining claims and their factual predicates outlined in the court's

14     summary judgment order.

15     **B.**      **Plaintiff's Request for Leave to Amend**

16        As also noted above, plaintiff states that if "the Court believes that the constructive

17     discharge claim has been dismissed, plaintiff requests leave to amend the FAC to include the

18     constructive discharge claim." (Doc. No. 85-1 at 8.) Defendant opposes this request, arguing that

19     plaintiff has demonstrated bad faith and that amendment would be futile, be prejudicial, and cause

20     undue delay. (Doc. No. 86 at 12–16.)

21        Concerning the issue of prejudice, defendant contends that allowing plaintiff to file a

22     second amended complaint at this time would be prejudicial to the defense because defendant's

23     opportunity to conduct discovery and file dispositive motions closed in September 2023. (*Id.* at

24     13.) Defendant argues that if plaintiff amends her complaint at this late date, it would be required

25     to seek a continuance of the upcoming August 11, 2025 pretrial conference and October 14, 2025

26     trial date in order to allow for the filing of another motion to dismiss and potentially engage in

27     renewed discovery and summary judgment motion practice. (*Id*.) As a result, defendant argues

28     /////

1    that granting plaintiff's belated request for leave to amend would be severely prejudicial to

2    defendant.  (*Id.*)  The court agrees.

3          Plaintiff's request for leave to amend her FAC comes over nineteen months after the close

4    of discovery under the court's scheduling order and over six months after the parties' cross-

5    motions for summary judgment were resolved by the court.  Courts routinely deny motions for

6    leave to further amend the complaint in situations such as this.  *See MedImmune, Inc. v.*

7    *Genentech, Inc.*, No. 03-cv-02567-MRP, 2004 WL 5327194, at *2 (C.D. Cal. Feb. 18, 2004)

8    ("The fact that a motion to amend is filed after substantial discovery and the filing of a motion for

9    summary judgment 'weighs heavily against allowing leave.'") (citation omitted); *Lee v. AFT-*

10   *Yakima*, No. 09-cv-03112-EFS, 2011 WL 2181808, at *12 (E.D. Wash. June 3, 2011) (denying

11   the plaintiff's motion for leave to amend his complaint and finding that "preparing new summary

12   judgment briefing to respond to [the plaintiff's] additional duty of fair representation allegations

13   at this late stage would cause undue hardship and waste judicial resources").  Indeed, courts have

14   even found prejudice to the opposing party when a motion to amend is filed close to the

15   conclusion of discovery or when there is a pending but unresolved motion for summary judgment.

16   *See, e.g.*, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (noting that the

17   district court did not abuse its discretion in denying leave to amend because the motion to amend

18   was filed just several days before the discovery cut off, the defendant would have had a limited

19   time to respond, and granting leave to amend would have required additional discovery

20   prejudicing the defendant); *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir.

21   1991) ("The timing of the motion, after the parties had conducted discovery and a pending

22   summary judgment motion had been fully briefed, weighs heavily against allowing leave.  A

23   motion for leave to amend is not a vehicle to circumvent summary judgment."), *abrogated on*

24   *other grounds by Cramer v. Consol. Freightways Inc.*, 255 F.3d 683 (9th Cir. 2001).  Allowing

25   plaintiff to amend a claim at this advanced stage of this litigation would clearly result in prejudice

26   to defendant, who has committed resources to this litigation and has participated in discovery,

27   filed a motion for summary judgment, and responded to plaintiff's cross-motion for summary

28   judgment, all in reliance on the court's prior orders, including its scheduling order, governing this

1    case.  *See Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A

2    need to reopen discovery and therefore delay the proceedings supports a district court's finding of

3    prejudice . . . .").

4          Moreover, in light of plaintiff's timing in seeking leave to file a second amended

5    complaint nineteen months after the close of discovery, six months after the issuance of the

6    court's summary judgment order, and only a few months before the final pretrial conference for a

7    jury trial which has already been continued three times, granting plaintiff's request would not

8    only prejudice defendant but also would result in undue and further delay in this litigation.  *See*

9    *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) ("The district

10   court's conclusion that Solomon's motion to amend would cause undue delay and prejudice was

11   not an abuse of discretion.  Solomon made the motion on the eve of the discovery deadline.

12   Allowing the motion would have required re-opening discovery, thus delaying the proceedings.");

13   *Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12-cv-01927-WHO, 2013 WL 4426493, at

14   *3 (N.D. Cal. Aug. 15, 2013) (noting that seeking leave to amend two weeks before the close of

15   discovery would cause prejudice and undue delay); *Columbus Univ. v. Tummala*, No. 2:13-cv-

16   05745-SVW-PLA, 2021 WL 3184547, at *2 (C.D. Cal. Mar. 16, 2021) (finding that "the undue

17   delay factor weighs strongly against granting leave to amend" where "a once continued trial [was]

18   impending"); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227

19   (9th Cir. 2006) ("[The Ninth Circuit] defer[s] to the district court's judgment about when delay

20   becomes unreasonable because it is in the best position to determine what period of delay can be

21   endured . . . .") (internal citation and quotation marks omitted).

22         Furthermore, the timing of a request to amend a complaint can raise "concerns regarding

23   bad faith on the part of plaintiff."  *Mkrtchyan v. Sacramento Cnty.*, No. 2:17-cv-02366-DAD-

24   KJN, 2023 WL 6392696, at *3 (E.D. Cal. Sept. 30, 2023).  As to plaintiff's belated filing of the

25   pending request, the court acknowledges that counsel for plaintiff has submitted a declaration in

26   which he states that he merely "skimmed the MSJ order," did not review it "in detail until very

27   recently," and has "had some major health problems . . . which have put [him] behind in [his]

28   work."  (Doc. No. 88-1 at 1–2.)  While the court is sympathetic to counsel's health problems, his

9

declaration only concerns the six-month delay between the court's order resolving the parties' cross-motions for summary judgment and the filing of plaintiff's pending motion for clarification; it does not explain plaintiff's failure to file a second amended complaint pursuant to the clear instructions of the court's April 20, 2023 order, or plaintiff's apparent abandonment of her request to amend her fifth claim in the months thereafter.  Therefore, the court finds that the timing of plaintiff's present request for leave to amend her FAC, shortly after her counsel finally read the court's summary judgment order, which significantly narrowed the remaining issues for trial, raises legitimate concerns regarding bad faith on the part of plaintiff and her counsel.  *See Xie v. De Young Props., 5418 LP*, No. 1:16-cv-01518-DAD-SKO, 2018 WL 4698307, at *4 n.3 (E.D. Cal. Sept. 28, 2018) ("Indeed, the filing of the motion at this late stage of the litigation and just prior to hearing on defendant's motion for summary judgment may even suggest bad faith on the part of plaintiff.").

Accordingly, plaintiff's request for leave to file a second amended complaint will also be denied.

## CONCLUSION

For the reasons explained above, plaintiff's motion for clarification and request for leave to file a second amended complaint (Doc. No. 85) is DENIED.

IT IS SO ORDERED.

Dated:  __June 10, 2025__                          _Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE